IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEARY W. COX,                        §
                                     §
              Plaintiff,             §
                                     §
VS.                                  §    CIVIL ACTION H-12-1932
                                     §
HECTOR VELA,                         §
                                     §
              Defendant.             §

### OPINION AND ORDER

Pending before the Court in the above referenced *Bivens* action,[1] alleging wrongful termination of *pro se* Plaintiff Leary W. Cox in retaliation for exercising his constitutional rights to privacy concerning his medical records and to free speech under the First Amendment, violation of his rights to due process in denial of a full, fair and meaningful hearing in the administrative proceedings under the Fifth Amendment, and violation of his right to make and enforce contracts in violation of 42 U.S.C. § 1981(a), are (1) Defendant Deputy Federal Security Director ("DFSD") Hector Vela's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (instrument #17) and (2) Plaintiff's Notice of Professional Misconduct (#18).

---

[1] *Bivens v. Six Unknown Named Agents of Federal of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action in analogous to one under 42 U.S.C. § 1983, but applies to constitutional violations by a federal official rather that a state actor. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005)(*per curiam*). The same analysis applies to both. *Id.*

After these documents and responsive briefs were filed, United States Magistrate Judge Frances Stacy granted Plaintiff's motion to file a Second Amended Complaint to assert additional allegations based on discovery.   Instruments #25, 29, 30.   The Court will therefore address the arguments in the motion to dismiss as they relate to Plaintiff's Second Amended Complaint (#30).

## Standards of Review

The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(reciting the long-established rule that documents filed *pro se* are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).   Nevertheless, "[e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief can be granted."   *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).   "*[P]ro se* parties still must brief the issues and reasonably comply with the standards of Rule 28."   *Flores v. Select Energy Services LLC*, 486 Fed. Appx. 429, 431 n.2 (5th Cir. Aug. 16, 2012), *citing Grant v. Cueller*, 486 Fed. Appx. at 524.

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should

consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Crenshaw-Logal v. City of Abilene, Texas*, No. 11-10264, 2011 WL 3363872, *1 (5th Cir. Aug. 4, 2011), *quoting Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. Mar. 15, 2011); Fed. R. Civ. P. 12(h)(3).  If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Crenshaw-Logal*, 2011 WL 3363872, *1*, quoting Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.  The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof in the fact of a 12(b)(1) motion. *Ramming*, 281 F.3d at 161.  In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack,

i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000).  A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, *citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).  A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981).  The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*  The court's consideration of such matters outside the pleadings does not convert the motion to one

for summary judgment under Rule 56(c). *Robinson v. Paulson*, H-06-
4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008), *citing
Garcia*, 104 F.3d at 1261.   "Unlike in a facial attack where
jurisdiction is determined upon the basis of allegations of the
complaint, accepted as true[,] when a factual attack is made upon
federal jurisdiction, no presumption of truthfulness attaches to
the plaintiffs' jurisdictional allegations, and the court is free
to weigh the evidence and satisfy itself as to the existence of its
power to hear the case.   In a factual attack, the plaintiffs have
the burden of proving that federal jurisdiction does in fact
exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).   In
resolving a factual attack on subject matter jurisdiction under
Rule 12(b)(1), the district court, which does not address the
merits of the suit,[2] has significant authority "'to weigh the

_____

[2] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d
747, 753 (S.D. Tex. 2003),

> It is well settled that "a district court has broader
> power to decide its own right to hear the case than it
> has when the merits of the case are reached."
> [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.).
> *cert. denied*, 454 U.S. 897 (1981).]   "Jurisdictional
> issues are for the court--not the jury--to decide,
> whether they hinge on legal or factual determinations.
> *Id*.   To determine whether jurisdiction exists, the court
> will generally resolve any factual disputes from the
> pleadings and the affidavits submitted by the parties.
> *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247,
> 1248 n.1 (5th Cir. 1985).   The court may also conduct an
> evidentiary hearing and "may hear conflicting written and
> oral evidence and decide for itself the factual issues
> which determine jurisdiction." *Williamson*, 645 F.2d at
> 413; *see Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507,

evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

Here Defendant has attached a number of documents from the administrative proceedings relevant to his pending motion to dismiss, as has Plaintiff to his opposition.   Thus this is a factual attack.

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

---

511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

-6-

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).   "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974).   "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System,*

*Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).    The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556.  Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'"  *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

     As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine  the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).  *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken").  Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment.  *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011).  "A judicially

noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here the documents is a prior case brought by Plaintiff in this district, H-11-2618, of which this Court takes judicial notice, are relevant to the subject matter jurisdiction challenge.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

### Relevant Law

The doctrine of collateral estoppel serves two purposes: (1) it protects litigants from having to litigate an identical issue with the same party or its privy, and (2) it promotes judicial

economy by precluding unnecessary litigations. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979), *citing Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 328-29 (1971). Under the doctrine of issue preclusion, or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *San Remo Hotel, LP v. City & County of San Francisco*, 545 U.S. 323, 336 & n.16 (2005), *quoting Allen v. McCurry*, 449 U.S. 90, 94 (1980). Complete identity of the parties in the two actions is not required. *Robin Singh Educational Services Inc. v. Excel Test prep Inc.*, 274 Fed. Appx. 399, 404 (5th Cir. Apr. 16, 2008), *citing Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989). A non-party may invoke a preclusion defense against a party to the earlier action subject to certain conditions, while in limited instances it may be invoked by a party to the prior suit against a non-party. *Id., citing id.* "'Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue which the plaintiff has previously litigated unsuccessfully in another action against the same or a different party.'" *Id., quoting U.S. c. Mendozaa*, 464 U.S. 154, 159 n.4 (1984).

If the prior judgment was issued by a federal court, federal law governs its preclusive effect regardless of the bases of the

federal court's jurisdiction in either the earlier or the current action. *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 862 (5th Cir. 1985); *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 & n.4 (5th Cir. 1986).

The collateral estoppel doctrine applies when three conditions are met: (1) the issue in dispute must be identical to the one in the prior action; (2) the issue must have actually been litigated in the prior suit; and (3) the determination of the issue in the prior suit must have been a necessary part of the judgment in that earlier suit. *Freeman*, 771 F.2d at 862. "While the broader 'doctrine of res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit.'" *Offiiong v. Holder*, 863 F. Supp. 2d 611, (S.D. Tex. 2012), *quoting In re Shuler*, 722 F.2d 1253, 1255 (5th Cir. 1984), *(quoting Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979)), *cert. denied sub nom. Harold v. Simpson & Co.*, 469 U.S. 817 (1984).

Defensive collateral estoppel bars a plaintiff from relitigating an issue that the plaintiff has previously litigated and lost against a different defendant. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W. 2d 507, 519 (Tex. 1998), *citing Parklane Hosiery*, 439 U.S. at 329; *Ackerman v. American Airlines, Inc.*, 924 F. Supp. 749, 752 (N.D. Tex. 1995). Offensive collateral estoppel arises when a plaintiff seeks to

estop a defendant from relitigating issues that the defendant or its privies previously litigated (i.e., allowing a litigant who was not a party to the earlier federal case to use collateral estoppel offensively in a subsequent suit against the party who lost on the issue decided in the first case).  *Easterling v. AT&T Mobility, LLC, w See also Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1136 (5ᵗʰ Cir. 1991)("Preclusion of a previously-litigated issue under the doctrine of offensive collateral estoppel requires that the issue under consideration be identical to the issue previously litigated; that the same issue was fully and vigorously litigated in the primary proceeding; that the previous determination of the issue was necessary for the judgment in that proceeding; and that no special circumstances exist that would render preclusion inappropriate or unfair."[3]), *citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-32 (1979).  While the use

---

[3] In *Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 329-30 (1971)(citations omitted), the Supreme Court opined,

> Some litigants-those who never appeared in a prior action-may not be collaterally estopped without litigating the issue.  They have never had a chance to present their evidence and arguments on the claim.  Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.  Also, the authorities have been more willing to permit a defendant in a second suit to invoke an estoppel against a plaintiff who lost on the same claim in an earlier suit than they have been to allow a plaintiff in the second suit to use offensively a judgment obtained by a different plaintiff in a prior suit against the same defendant.

of offensive collateral estoppel was approved in *Parklane Hosiery*,
a trial judge has discretion to determine when it should apply and
should not allow its use when doing so would be unfair to the
defendant. *Rufenacht v. Iowa Beef processors, Inc.*, 656 F.2d 198,
202 (5th Cir. 1981), *cert. denied*, 455 U.S. 921 (1982); *Clayton v.
Frito-Lay, Inc.*, 106 F.3d 397 (Table), 1997 WL 33405, *2 (5th Cir.
Jan. 10, 1997).[4]  In contrast, application of defensive collateral
estoppel is mandatory when the requirements have been met.
*Ackerman v. American Airlines, Inc.*, 924 F. Supp. 749 (N.D. Tex.
1995), *citing Montana v. U.S.*, 440 U.S. 147, 152-55 (1979).

In the instant case, Defendant Vela is seeking application of
defensive collateral estoppel to estop Plaintiff from relitigating
issues in a case Plaintiff previously brought in Judge Lynn H.
Hughes' court in this district, H-12-2618, resulting in this
Court's lacking subject matter jurisdiction over the issues raised
here that were fully litigated to a final judgment in the earlier
suit.

The doctrine of sovereign immunity bars a *Bivens* action
against a federal officer or employee in his official capacity.

---

[4] *Parklane Hosiery*, 439 U.S. at 330-31, in a non exhaustive
list, identified as  circumstances that might result in unfairness
to the defendant where the first suit involved "small or nominal
damages" so the defendant would have no incentive to mount a
vigorous  defense,  especially  where  future  suits  are  not
foreseeable, where the judgment relied on was inconsistent with
previous judgments against the defendant, and where the second suit
offers the plaintiff procedural advantages not present in the
earlier suit.

*Holbrook v. Unknown Persons at the, Designation and Sentence Computation Center for the Federal Bureau of Prisons*, No. 3:12-CV-03367-L-BK, 2013 WL 1402312 (N.D. Tex. Mar. 14, 2013), *citing Correctional Servs. Corp. v. Malesk*o, 534 U.S. 61, 71-72 (2001)(*Bivens* provides a cause of action only against government officers in their individual capacities), and *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987).  The United states has not waived its sovereign immunity for constitutional torts.  *Interfirst Bank Dallas, N.A. v. U.S.*, 769 F.2d 299, 209 (5th Cir. 1985)("The Constitution does not waive the Government's sovereign immunity in a suit for damages. . . . Suits for damages against the United States based on the Constitution are not contemplated by *Bivens* and its progeny." ).

Qualified immunity, an affirmative defense, protects government officials in their personal capacity performing discretionary functions not only from suit, but from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, ___, 129 S. Ct. 808, 815 (2009).  Thus the Court examines whether the "officer's conduct violated a constitutional right," as well as "whether the right was clearly established" at the time of the conduct.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Either prong

may be addressed first. *Pearson*, 129 S. Ct. at 808. A right is clearly established when "the contours of the right [are] sufficiently clear [such] that a reasonable official would understand that what he is doing violated that right." *Werneke v. Garcia*, 591 F.2d 386, 392 (5th Cir. 2009)(citations omitted). *See also Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)(the court applies an objective standard "based on the viewpoint of a reasonable official in light of the information available to the defendant and the law that was clearly established at the time of defendant's actions."). To be clearly established, "'[t]he contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right.'" *Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004), *quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "The 'clearly established' standard does not mean that official's conduct is protected by qualified immunity unless 'the very action in question has previously been held unlawful.'" *Id.* at 350, *quoting Anderson*, 483 U.S. at 640. "Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established." *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2740 (2012). Officials who act reasonably but mistakenly are entitled to qualified immunity; the defense protects all government employees but "the plainly incompetent or

those who knowingly violate the law." *Anderson*, 483 U.S. at 641;
*Malley v. Briggs*, 475 U.S. 335, 341 (1986). "[A] defendant's acts
are held to be objectively reasonable unless *all* reasonable
officials in the defendant's circumstances would have then known
that the defendant's conduct violated the United States
Constitution or the federal statute as alleged by the plaintiff."
*Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001).
The officer is "entitled to qualified immunity if his or her
conduct was objectively reasonable in light of the legal rules that
were clearly established at the time of his or her actions," even
if the conduct violated the plaintiff's constitutional right.
*McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(*en
banc*).

Although qualified immunity is an affirmative defense,
"plaintiff has the burden to negate the assertion of qualified
immunity once properly raised." *Collier v. Montgomery*, 569 F.3d
214, 217 (5th Cir. 2009). To meet this burden the plaintiff must
allege facts showing that the defendant committed a constitutional
violation under the current law and that the defendant's actions
were objectively unreasonable in light of the law that was clearly
established at the time of the challenged actions. *Atteberry v.
Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

In *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985), the
Fifth Circuit held that when a defendant-official raises a

qualified immunity defense in his individual capacity, a heightened pleading standard must be met by Plaintiff to show with factual detail and particularity why the defendant official cannot maintain the qualified immunity defense.

In *Schultea v. Wood*, 47 F.3d 1427, 1429-34 (5th Cir. 1995)(*en banc*), discussing development of the qualified immunity defense and pleading rules, the Fifth Circuit further opined, "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply." *See also Floyd v. City of Kenner, La.*, 351 Fed. Appx. 890, 893 & n.2 (5th Cir. 2009); *Babb v. Dorman*, 33 F.3d at 477 (when a qualified immunity defense is raised, "the complaint must state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity.").

A person may bring a *Bivens* action against a federal employee acting in his individual capacity for a constitutional violation, but may not, absent a waiver of sovereign immunity, sue the federal government or a federal official in his official capacity. *Grant*

*v. Principi*, 2004 WL 2988549, *2 (N.D. Tex. Dec. 27, 2004), *citing Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999), and *Price v. U.S.*, 69 F.3d 46, 49 (5th Cir. 1995), *cert. denied*, 519 U.S. 927 (1006). *See also FDIC v. Meyer*, 510 U.S. 471 (1994)(holding that a *Bivens* action cannot lie against a federal agency); *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002)("a *Bivens* action does not lie against either agencies or officials in their official capacity"). Nor may a § 1981 plaintiff sue a federal agency because the purpose of *Bivens* is to deter the conduct of an individual federal officer, not to create a potentially enormous financial burden for the federal government. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). A constitutional tort claim against a federal agency is not cognizable under the jurisdictional grant of the Federal Tort Claims Act (which waives the federal government's immunity from suit). *Id.* at 475-78.

Title 42 U.S.C. § 1981(a) states,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Section 1981(b) defines "make and enforce contracts' as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." The Fifth Circuit

has held that an at-will employee may sue for racially discriminatory termination under § 1981. *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1051-52 (5th Cir. 1998)("[I]rrespective of being subject to at-will termination, such an employee stands in a contractual relationship with his employer and thus may maintain a cause of action under § 1981."). *In accord, Perry v. Woodward*, 199 F.3d 1126, 1133 (10th Cir. 1999), *cert. denied*, 529 U.S. 1110 (2000); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-19 (4th Cir. 1999); *Lauture v. International Business Machines Corp.*, 216 F.3d 258, 260 (2d Cir. 2000).

To state a claim under § 1981, a plaintiff must show that (1) the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendant, and (3) the discrimination concerned one or more of the activities listed in the statute. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 294 F.3d 285, 288-89 (5th Cir. 2004); *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). The plaintiff must also show the discrimination was purposeful. *Wesley v. General Drivers, Warehousemen and Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011).

Where there is no direct evidence of racial discrimination, the burden-shifting framework developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 302 (1973) for Title VII applies to claims

of racial discrimination under § 1981.  *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989), *superseded on other grounds by statute,* by addition of § 1981(b) in the Civil Rights Act of 1991 to expand the "term make and enforce contracts' to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship."  To survive a motion to dismiss a plaintiff claiming that a defendant violated § 1981 must establish a *prima facie* case of discrimination:  the plaintiff must allege that (1) he is a member of a protected class, (2) he is qualified for the position at issue, (3) he suffered an adverse employment action, e.g., termination, and (4) he was treated less favorably than similarly situated employees outside of his protected group under nearly identical circumstances. *Wesley*, 660 F.3d at 213, *citing Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

### Allegations of the Second Amended Complaint (#30)

Plaintiff was employed for more than seven and a half years as a Federal Security Officer screener by the Texas Security Administration ("TSA"), an agency of the Department of Homeland Security, at the George Bush Intercontinental Airport in Houston, Texas.  He was terminated on July 2, 2010, purportedly for failing to follow instructions, missing work on two days, April 11 and May 13, 2010, and failing to provide medical documentation to support

his absences.  He claims that he was denied leave on both occasions even though he had sufficient sick leave in his account to cover the two absences.  He also charges that he was terminated because he objected to Vela's invasion of his privacy under the First Amendment in demanding a doctor's excuse and thus disclosure of his medical records for his absences.  He further claims that Vela interfered with and impaired his statutory rights under 42 U.S.C. § 1981 in terminating him based on his race, African American.

### Defendant Hector Vela's Motion to Dismiss (#17)

Defendant Hector Vela, who was Plaintiff's supervisor, points out that Plaintiff previously brought the same constitutional claims against the TSA in *Cox v. John S. Pistole*, H-11-CV-2618 (S.D. Tex. 2011).  In that suit the government's (Secretary of Homeland Security Pistole's) motion to dismiss (#8 in H-11-CV-2618) argued that the court lacked jurisdiction to hear Plaintiff's claims and that Plaintiff failed to state a claim under the First, Fifth and Fourteenth Amendments.  Judge Lynn N. Hughes granted the motion (in H-11-CV-2618 #13, Opinion; #14, Final Judgment) on the grounds that the Plaintiff failed to state a claim.  Plaintiff appealed, but subsequently voluntarily dismissed his appeal (#20 in H-11-CV-2618).  Vela moves to dismiss under Rule 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction because the issues in this action are barred by the doctrine of collateral estoppel.  Alternatively, Vela moves to dismiss Plaintiff's

-21-

constitutional claims under Rule 12(b)(6) for failure to state a claim.  Last, because Vela is sued in his individual capacity, Vela argues that the case must be dismissed because in his individual capacity he is entitled to qualified immunity.

Regarding collateral estoppel, Vela points out and demonstrates by comparing the nearly identical complaints in H-11-2618 and in the instant action[5] that the conditions for the doctrine are satisfied because the issues at stake are identical, the issues were actually litigated, and the identical constitutional claims were a necessary part of the judgment.  The complaints have the same counts, identify the same Constitutional Amendments under which Plaintiff seeks relief, and the facts are the same, as are the applicable legal standards.  Although Plaintiff in H-11-2618 sued the Department of Homeland Security, while this case is against Vela in his individual capacity, collateral estoppel precludes re-litigation of issues actually litigated and necessary to the outcome of a previous civil action in federal court even against different defendants.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979); *Sidag Aktiengesellschaft v. Smoked Foods Products Co., Inc.*, 776 F.2d 1270, 1275 (5th Cir. 1985).  Vela correctly states that the parties

---

[5] The Court notes that the complaint in H-11-2618 did not assert the claim under section 1981(a) present in the Second Amended Complaint in this suit, which had not been filed when the motion to dismiss was filed and briefed.

to the suits need not be completely identical as long as the party against whom estoppel applies had the full and fair opportunity to litigate the issue in the previous lawsuit, as Plaintiff did. *Rabo Agrifinance Inc. V. Terra XXI Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009)(applying the doctrine of collateral estoppel even though the defendants were not the same).

Even if not barred by collateral estoppel, the Constitutional claims for violations of the right to privacy, to free speech, and to procedural and substantive due process fail to state a claim for which relief can be granted under Rule 12(b)(6).  Regarding Plaintiff's claim that his First Amendment right to privacy was violated when he was placed on leave restrictions because he refused to produce "constitutionally protected medical information," Vela argues that, Plaintiff does not and cannot provide legal support for his claim that there is such a thing as "constitutionally protected medical information."  Plaintiff does not contend that he was unaware of the Management Directive requiring disclosure of medical records in support of a request for leave or that he sought clarification about the policy that medical documentation must be provided; instead he knowingly violated the policy and, after being disciplined, challenged the policy. *See* Exs. A-D to #17.

To prevail on a claim of violation of right to privacy for public disclosure of a private matter, the plaintiff must show that

(1) the publication would be highly offensive to a reasonable person and (2) that there is no legitimate public concern warranting such disclosure. *Cantu v. Rocha*, 77 F.3d 795, 809 (5th Cir. 1996). Vela maintains that as a matter of law Plaintiff fails to establish either prong.  Here there was no publication of any private information because, as he concedes, Plaintiff refused to provide such information and his refusal is one of the reasons for his termination.  FAC ¶ 15.  Second, there is a legitimate public concern because the Agency's management officials at the airport must be able to ensure they are appropriately scheduling screening workforce to provide efficient and effective security at the airport.  Vela claims Count I fails as a matter of law.

Count II alleges that Plaintiff's First Amendment right of free speech was violated when he exercised his "constitutional right to free speech on matters that affected the work place," i.e, that he was subjected to a hostile work environment after his public criticism of TSA's leave policy and the requirement that medical documentation must be provided to his employer  FAC ¶ 31. To prevail on a retaliatory free speech claim, a plaintiff must show that (1) he engaged in speech that was protected by the First Amendment and (2) the exercise of his free speech rights was a "substantial factor" in his termination. *Mylett v. Mullican*, 992 F.2d 1347, 1349-50 (5th Cir. 1993), *cert. denied*, 510 U.S. 932 (1993).  Vela maintains that Plaintiff's criticism of the TSA's

requirement for medical leave documentation does not constitute protected speech under the First Amendment because it is encompassed within Plaintiff's official duties as a TSA screener. *Garcetti v. Ceballos*, 547 U.S. 410 (2006)(holding that when public employees make statements pursuant to their official duties, they are not speaking as citizens for First Amendment purposes).   In addition, Vela maintains, Plaintiff cannot show beyond his own conclusory and self-serving allegations that his criticism of the policy led to the Agency's decision to terminate him.   Vela insists the opposite is true, i.e., the supporting documents to Plaintiff's proposed removal show that Plaintiff's "speech," criticizing TSA's leave policies, was not a factor in the decision to terminate him. Ex. A to #17.

Vela also contends that Count III's Fifth and Fourteenth Amendment claims fail because the protections of the Fourteenth Amendment apply to state, not federal action.   *U.S. v. Greene*, 995 F.2d 793, 795 (8th Cir. 1993("An action that violates the fourteenth amendment guarantee of equal protection when committed by a state actor violates the due process guarantee of the fifth amendment when committed by a federal actor."), *citing Johnson v. Robison*, 415 U.S. 361, 364-65 n.4 (1974).   Even if the Court construes the claims in Count III to be brought under the Fifth Amendment, argues Vela, they still fail.   *Howery v. Chertoff*, Civ. A. No. H-08-196, 2009 WL 890400, *6-7 (S.D. Tex. Mar. 27, 2009)(dismissing a TSA

employee's Fifth Amendment claim arising out of his termination and
Disciplinary Review Board ("DRB") appeal, holding that Title VII is
Plaintiff's exclusive remedy for claims of discrimination). *See
also Ray v. U.S. Dep't of Homeland Security*, Civ. A. No. H-07-2967,
2008 WL 3263550, *14 (S.D. Tex. Aug. 7, 2008)(dismissing a TSA
employee's Fifth Amendment claim arising out of his termination and
DRB appeal, holding that the alleged actions were not sufficiently
egregious to offend substantive due process rights, and that
employee received all the procedural due process he was due);
*Zynger v. DHS*, 370 Fed. Appx. 253, 255-56 (2d Cir. 2010)(Because
TSA employee had been given the opportunity to respond to charges
that she failed to comply with agency policies and to appeal her
termination to DRB, as she did, she failed to state a claim for
denial of substantive due process).  To state a claim for denial of
substantive due process a plaintiff must show that he was (1)
deprived of a cognizable liberty or property interest in his
employment and (2) that the employer's termination of that interest
was arbitrary and capricious.  *Bolton v. City of Dallas, Tex.*, 472
F.3d 261, 263 (5th Cir. 2006), *citing Moulton v. City of Beaumont*,
991 F.2d 227, 230 (5th Cir. 1993).  Vela insists that TSA followed
standard, well established procedures for notifying Plaintiff of
his initial leave infractions and then proposing his removal and
allowing him time to respond to that proposal.  Terminating him
because he failed to follow instructions and was absent without

leave does not rise to the level of the egregious conduct required to violate substantive due process.[6]  *Id.*   Moreover management officials that repeatedly counseled and disciplined Plaintiff before he was terminated were exercising their professional judgment when they determined he should be removed from federal service for continued violation of Agency policy.  *Id.*

To the extent that Plaintiff asserts a procedural due process claim, Vela insists that it fails because Plaintiff received adequate procedural protections, i.e., notice and an opportunity to respond.  Exs. B (Notice), D (Notice of Decision on Proposed Removal, and E (DRB Decision on appeal) to #17  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Finch v. Fort Bend I.S.D.*, 333 F.3d 555, 562 (5th Cir. 2003).  *See Ray*, 2008 WL 3263550, *9; *Finch*, 333 F.3d at 562.

Finally Vela insists that he is entitled to qualified immunity from this action because Plaintiff has not shown that Vela violated a clearly established constitutional right of which a reasonable person would have known when he issued the final notice of removal to Plaintiff based on his failure to follow instructions, his absence problems, his employment record, and his disciplinary

---

[6] For a violation of substantive due process by a federal official the plaintiff must show that "[t]he cognizable level of executive abuse of power is that which 'shocks the conscience,' violates the 'decencies of civilized conduct' or interferes with rights 'implicit in the concept of ordered liberty.'"  *Brown v. Nationsbank Corp.*, 188 F.3d 579, 591 (5th Cir. 1999), *citing Rochin v. California*, 342 U.S. 165, 169, 175 (1952).

history.

## Plaintiff's Response (#19)

Much of Plaintiff's response is either a misunderstanding of the law or irrelevant to this action.  The Court has and will continue to set out the law and apply it to the facts asserted in Plaintiff's amended complaint and the documents properly submitted with the briefs.

## Court's Decision

The Court first addresses Vela's motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction on collateral estoppel grounds.  In comparing complaints in the instant action and in H-11-2618 and reviewing Judge Hughes' Opinion on Dismissal (#13) and Final Judgment (#14) in the latter, the Court agrees with Vela that Plaintiff is collaterally estopped from (1) asserting First Amendment claims for violation of his right to privacy by requiring him to reveal medical information to explain his absences and terminating him in retaliation for opposing Vela's requirement that he submit a medical excuse for his absences; and (2) asserting a claim for violation of due process because the government did not inform him about the Family and Medical Leave Act or provide him with a meaningful hearing.

As noted, Vela's motion to dismiss was filed before Plaintiff's Second Amended Complaint and therefore does not address its new cause of action under 42 U.S.C. § 1981(a) that Vela

interfered with Plaintiff's statutory right to make and enforce contracts by terminating him based on discrimination against his race, African American.  While the sufficiency of a complaint under Rule 8(a)(2) may be challenged by motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, even if the defendant does not file such a motion, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim."), *cert. denied*, 129 S. Ct. 2417 (2009).

As a matter of law this Court disagrees with Vela's contention that Title VII is Plaintiff's exclusive remedy for employment discrimination.  "Even if a plaintiff alleges the same conduct for both Title VII and § 1981 claims, he or she may seek redress under both statutes as long as the conduct violates both Title VII and a separate constitutional or statutory right." *Evans v. City of Houston*, 246 F.3d 344, 356 n.9 (5th Cir. 2001), *citing Southard v. Texas Board of Crim. Justice*, 114 F.3d 539 (5th Cir. 1997), and *Johnston v. Harris County Flood Control District*, 869 F.2d 1565, 1573-76 (5th Cir. 1989), *cert. denied*, 493 U.S. 1019 (1990); *Gallentine v. Housing Auth. of City of Port Arthur, Texas*, ____ F. Supp. 2d ____, Civ. A. No. 1:12-CV-417, 2013 WL 244651, *17 (E.D.

Tex. 2013).

As noted, Plaintiff cannot sue the TSA or the Department of Homeland Security for damages under § 1981 because the United States has not waived its sovereign immunity for constitutional torts, though he may sue Vela in his individual capacity. *Interfirst Bank Dallas*, 769 F.2d at 309 ("'The Constitution does not waive the Government's sovereign immunity in a suit for damages. . . . [S]uits for damages against the United states based on the Constitution [are] not contemplated by *Bivens* and its progeny.'"), *quoting Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982), *cert denied*, 459 U.S. 832 (1982)(and cases in accord cited therein).

Cox has conclusorily stated that he was discriminated against and terminated because he is African American, but otherwise has failed to plead any facts to support a § 1981 claim. In fact, his complaint emphasizes that the cause for his termination was his exercise of his First Amendment right-to-privacy objection to disclosing his confidential medical information. He has not alleged any facts showing Vela's intent to discriminate against him based on race. He has not identified or alleged facts showing that others similarly situated who were not African American were treated more favorably than he was. Thus he has failed to state a claim under § 1981.

Accordingly, the Court

ORDERS that Vela's motion to dismiss is GRANTED.  Plaintiff's First Amendment and Fifth Amendment due process claims are DISMISSED with prejudice for lack of subject matter jurisdiction based on collateral estoppel.  Plaintiff is GRANTED LEAVE to file an amended complaint asserting his claim under section 1981 within twenty days of entry of this Opinion and Order if he is able to satisfy the pleading requirements under Rule 12(b)(6).  Moreover, because Vela has raised a qualified immunity defense, Plaintiff must allege sufficient facts and relevant law to negate that affirmative defense.  Failure to comply will result in final dismissal of this case.

Finally, for reasons forcefully stated in Defendant's counsel's response and objection (#27) to Plaintiff's Notice of Professional Misconduct (#18), the Court finds that Plaintiff's Notice is meritless and OVERRULES Plaintiff's protestations.

**SIGNED** at Houston, Texas, this _14th_ day of _May_, 2013.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-31-