```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
LEARY W. COX,                     §
                                  §
              Plaintiff,          §
                                  §
VS.                               §   CIVIL ACTION H-12-1932
                                  §
HECTOR VELA,                      §
                                  §
              Defendant.          §
```

### OPINION AND ORDER

Pending before the Court in the above referenced action, alleging retaliatory termination of *pro se* Plaintiff Leary W. Cox (Cox"), formerly a federal Security Officer at the George Bush Intercontinental Airport in Harris County, Texas, against his former supervisor, Deputy Federal Security Director Hector Vela ("Vela") in his individual capacity, are *inter alia* (1) Defendant Vela's motion to dismiss (instrument #34) Cox's third amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and (2) Cox's motion to deny Defendant's motion to dismiss (#35), which the Court construes as a response.

Cox's second amended complaint asserted that he was wrongfully terminated by his supervisor, Deputy Federal Security Director Vela in his personal capacity, of the Transportation Security Administration ("TSA"), an agency of the Department of Homeland Security, who violated his constitutional rights (1) to privacy concerning his medical records and to free speech under the First Amendment, (2) his right to due process in the denial of a full,

fair, and meaningful hearing in the administrative proceedings under the Fifth Amendment, and (3) his right to make and enforce contracts in violation of 42 U.S.C. § 1981(a).  Vela claimed that Cox was terminated on July 2, 2010 for failing to follow instructions, missing two days of work, and failing to provide medical documentation to support his absences.  Cox insists he was denied leave on both days even though he had sufficient sick days left in his account to cover the absences and that Vela invaded his right to privacy by demanding a doctor's excuse and disclosure of his medical records and violated his First Amendment rights when he was subjected to a hostile work environment after publicly criticizing the TSA's leave policy.  Cox also claimed that Vela terminated him based on his race, African American, in violation of 42 U.S.C. § 1981(a)("All persons within the jurisdiction of the United States shall have the same right in every State to . . . make and enforce contracts . . . as is enjoyed by white citizens . . . .").[1]

In its Opinion and Order (#32) of May 14, 2013, this Court dismissed Cox's claims under the First and Fifth Amendments with prejudice for lack of subject matter jurisdiction based on collateral estoppel because Plaintiff had previously brought the

---

[1] The phrase, "to make and enforce contracts" is defined as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).

same constitutional claims against the TSA in *Cox v. John S. Pistole*, H-11-CV-2618, in which Judge Lynn N. Hughes issued a final judgment of dismissal pursuant to Rules 12(b)(1) and 12(b)6).  Cox appealed Judge Hughes' judgment, but then voluntarily dismissed the appeal on March 29, 2012.  Thus it is final.

Because Vela filed his previous motion to dismiss before Cox filed his second amended complaint, Vela did not address the claim which that pleading added under 42 U.S.C. 1981(a), i.e., that Vela interfered with Cox's right to make and enforce contracts by terminating him based on his race.  Because the Court *sua sponte* found that Cox's second amended complaint failed to state facts to support that claim sufficient to satisfy Rule 12(b)(6), the Court granted leave to Cox to file another amended complaint to state that claim if he could.

**Standard of Review**

For the standards of review under Rules 12(b)(1) and 12(b)(6) the Court refers the parties to its earlier Opinion and Order (#32 at pp. 2-9), which it incorporates here.  With regard to Cox's third amended complaint and Vela's pending motion to dismiss it, the Court re-emphasizes that dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited*

*for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008).

### Cox's Allegations

Plaintiff's third amended complaint (#33) repeats all his earlier causes of action despite the Court's dismissal of his constitutional claims. The Court therefore ignores the repetition of the dismissed claims and focuses on Cox's § 1981(a) claim.

Cox asserts that his discharge, as an African American non-probationary employee, from federal service because of his race interfered with his statutory right to make and enforce contracts. He maintains that his employment at TSA for seven years created a contract relationship, a property interest, that may not be terminated except for cause. He claims that throughout his employment his performance evaluations were above average and positive. He highlights the fact that Vela fired him against the recommendation of Vela's Human Resources specialist and his legal staff. He also compares the treatment of himself with that of Joan Degenhardt, a white, female Lead Transportation Security Officer also allegedly with seven years of service at the Bush International Airport, who received a Notice of Proposed Removal based on two of the same charges as Cox, i.e., failure to follow leave procedures and failure to follow instructions. She was terminated by Vela on December 4, 2008, and she appealed that decision on March 10, 2009. On review the Board reversed her

termination for a lesser penalty, and she returned to work on July 6, 2009, unlike Cox.  Cox claims that he submitted his medical certification after he received the Notice of Proposed Removal, but Vela claimed that it was not acceptable documentation for Cox's unscheduled absences and asked the Board to sustain the charges against Cox.

### Vela's Motion to Dismiss (#34)

Vela insists that the Court lacks subject matter jurisdiction to hear those of Cox's claims which the Court dismissed with prejudice in its May 14, 2013 Opinion and Order as they are no longer properly before this Court.

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Group, Inc.*, 512 Fed. Appx. 430, 432 (5th Cir. 2013), *citing Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).  Thus while this Court may still reconsider claims it has dismissed in its interlocutory Opinion and Order (#32) before

issuing a judgment as to all of Cox's claims, the Court finds no cause to change its ruling.

As for Cox's § 1981 claim, Vela contends that Cox has failed to satisfy even minimum pleading requirements. In addition, Vela has raised a qualified immunity defense. The Court's Opinion and Order required Cox to allege sufficient facts and relevant law to negate that affirmative defense and warned Cox that a failure to do so would result in final dismissal of this case. Vela insists that Cox has failed to allege any facts to negate Vela's qualified immunity defense.

Vela points out that § 1981 requires action "under the color of State law." 42 U.S.C. § 1981(c)("The rights protected by [section 1981] are protected against impairment by nongovernmental discrimination and impairment under color of State law."). Vela was not acting under color of state law when he issued the termination letter to Plaintiff, but was acting in his official capacity as a federal employee. Thus Cox fails to state a claim under § 1981 upon which relief can be granted.

This Court agrees. *See, e.g., Osahar v. Postmaster General of U.S. Postal Service*, 263 Fed. Appx. 753, 763 (11th Cir. Jan. 15, 2008)(§ 1981 does not apply to a federal employee's claims against a federal agency employer for impairment of equal rights or violations of federal or constitutional rights under color of federal law, but only to impairment of such rights under color of

state law); *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005)(§ 1981 does not apply to federal governmental actors; the phrase "under color of state law" prohibits impairment of contract rights only by state actors.); *Duncan v. Secretary of Defense*, No. Civ. A. 03-3373, 2004 WL 1118300, at *5 (E.D. La. May 18, 2004)("Under clear language of the statute, plaintiff may not maintain claims of discrimination by federal defendants acting under the color of federal law under Section 1981. . . . The Court therefore dismisses plaintiff's Section 1981 claims against defendants in their individual capacities."); *Marcus v. Geithner*, 813 F. Supp. 2d 11, 19 (D.D.C. 2011)("because federal employees may not be held liable under 42 U.S.C. § 1981, . . . the court grants defendants' motion to dismiss this claim."). Because Cox fails to state a legally cognizable cause of action against federal official Vela in his individual capacity under § 1981, the Court need not reach the questions of qualified immunity and failure to plead supporting facts to state a plausible claim.

Accordingly, pursuant to the Court's Opinion and Order (#32) of May 14, 2013 and this Opinion and Order, the Court

ORDERS that this case is DISMISSED. The Court further

ORDERS that all other pending motions are MOOT.

**SIGNED** at Houston, Texas, this  30th  day of  January , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE